Janet WINSLOW

v.

Kenneth MERRIFIELD, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 6, 1988.
Decided March 8, 1988.

Frederick M. Newcomb, Rockland, for plaintiff.

Samuel G. Cohen, Waldoboro, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Janet Winslow obtained a judgment in the District Court, Rockland, against Kenneth and Mary Merrifield for treble damages plus attorney fees as a result of unauthorized cutting of timber, pursuant to 14 M.R.S.A. § 7552 (Supp.1987). On the defendants' appeal to the Superior Court, Knox County, the court affirmed the District Court judgment but ruled that the statute did not permit an award of attorney fees for the appeal. Winslow now appeals the Superior Court's denial of additional attorney fees. We vacate the Superior Court order.

> Section 7552 provides in pertinent part: If such ... acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs.

Courts of other jurisdictions confronted with similar statutory provisions are divided on the question before us. Some courts construe such provisions not to permit an award of appellate attorney fees or to permit a discretionary award, *e.g.*, *Mellor v. Berman*, 390 Mass. 275, 454 N.E.2d 907 (1983) and some construe the award to be mandatory, *e.g.*, *Hamilton v. Telex Corp.*, 625 P.2d 106 (Okla.1981). We conclude that the latter position more accurately fulfills the legislative purpose. Both the Superior Court and the Law Court can impose discretionary costs and fees in any civil appeal that is frivolous or intended for delay. M.R.Civ.P. 76(f) and 76D. In the section 7552 circumstance of deliberate trespass, however, the award of costs and fees is mandated in order to relieve the successful plaintiff of the cost of litigation. In the circumstance of an unsuccessful appeal by a violator of section 7552, an award of attorney fees is mandatory.

The defendants' argument that the statute should not be construed to include attorney fees on appeal because to do so would chill the constitutional right of appeal has no merit simply because there is no such constitutional right. We remand to the Superior Court for assessment of attorney fees for the appeal by the defendant to the Superior Court.

The entry is:

Order denying attorney fees vacated.

Remanded for assessment of attorney fees on the defendant's appeal to the Superior Court.

All concurring.