**Robert P. THERIAULT and Anita B. Theriault**

**v.**

**Joseph C. MURRAY and Linda M. Murray.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 3, 1993.

Decided May 28, 1993.

William B. Devoe, Eaton, Peabody, Bradford & Veague, Bangor, for plaintiff.

Joseph Murray, pro se.

Linda M. Murray, pro se.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Joseph C. and Linda M. Murray appeal from a judgment entered after a hearing in the Superior Court (Penobscot County, *Smith, J.*) in which the Superior Court found for Robert P. and Anita B. Theriault in a dispute over the boundary between the parties' abutting properties. We reject the Murrays' contention that the trial court clearly erred in determining the original location of two monuments described in the Theriaults' deed,[1] i.e., two stakes driven into the ground. The Theriaults moved to amend the judgment to correct what they contend is a typographical error. Because the evidence requires a slightly different description of the common boundary, we modify the judgment of the Superior Court.

## I.

We previously addressed this boundary dispute in *Theriault v. Murray*, 588 A.2d 720 (Me.1991) *(Theriault I).* In *Theriault I*, the trial court heard unrebutted testimony that the location of the original stakes could be discerned from vegetation patterns and from an old roadbed. *Theriault I*, 588 A.2d at 721. The trial court in *Theriault I*, however, ignored this evidence and held that the distance calls prevailed over the monuments. We remanded to the Superior Court holding that, although the stakes no longer appeared in their original locations, their value as monuments had not ended if their original location could be discerned. *Theriault I*, 588 A.2d at 722 (citing *Ricci v. Godin*, 523 A.2d 589, 592 (Me.1987)). Moreover, we reasoned, the rules of standard construction require boundaries to be controlled in descending priority, by monuments, courses, distances, and quantity unless this produces an absurd result. *Id.* (citing *Taylor v. Hanson*, 541 A.2d 155, 158 (Me.1988)).

On remand, the Superior Court accepted further testimony from the Theriaults' surveyor regarding the description of the original stake line. Neither party, however, introduced any new testimony about these monuments; the evidence introduced by the Theriaults in the first hearing remained unrebutted. What boundaries a deed refers to is a question of law but where they are on the face of the earth is a question of fact. *Theriault I*, 588 A.2d at 721. Because the location of monuments is a question of fact, the trial court's determination in this regard will not be disturbed on appeal unless clearly erroneous. *Ricci v. Godin*, 523 A.2d at 592. Because the testimony regarding the original location of the stakes presented by the Theriaults was unrebutted, the trial court did not commit clear error in finding the

---

1. The deed in question reads:
   Commencing on the County Road at the southwest corner of land now or formerly owned by Elizabeth Chute, being the generally northwesterly corner of a certain lot or parcel of land conveyed by Clarence H. Dyer to John B. Bradford, acknowledged on March 21, 1922, and recorded in Penobscot Registry of Deeds, in Volume 946, Page 467, thence in a generally southerly direction by and along said County Road Twenty (20) rods to a stake driven into the ground; thence at right angles to said County Road in a generally easterly direction Fifty (50) rods to a stake driven into the ground; thence at right angles in a generally northerly direction Twenty-eight (28) rods more or less to land now or formerly of Edwin Bickmore, being also the generally northerly line of said premises so conveyed by said Clarence H. Dyer to said John B. Bradford; thence in a generally westerly direction by and along said northerly line of said premises so conveyed by said Dyer to said Bradford Thirty (30) rods more or less to the generally northeasterly corner of said premises now or formerly of said Elizabeth Chute; thence in a generally southerly direction by and along said easterly line of said premises of said Elizabeth Chute Eight (8) rods more or less to the generally southeasterly corner of said premises of said Elizabeth Chute; thence in a generally westerly direction by and along the southerly line of said premises of said Elizabeth Chute Twenty (20) rods more or less to the point of beginning.

original stake line was consistent with this evidence.

## II.

The Theriaults' surveyor prepared a proposed description of the disputed boundary that was submitted to the trial court.[2] At the hearing, this surveyor testified that the description contained a typographical error, i.e., the final distance call should have read "30 rods" rather than "28 rods." Nevertheless, the trial court adopted the proposed description as written including the 28–rod designation. The Theriaults moved to amend this "typographical error" but the trial court denied this motion without prejudice because the record was not available at that time. We agreed to consider this motion.

■■■ Although the Theriaults' surveyor testified that he intended the proposed description of the north boundary of the Theriaults' property to read "30 rods" rather than "28 rods," the actual extent of that distance is not clear from the record before us. The surveyor testified that he did not perform a complete perimeter survey of the Theriault property. Moreover, since the distances and courses of the eastern boundary in the description are precise, it is unnecessary to include any description of the distance between the northeast corner of the Theriault lot and the Baker lot. We also amend the description to remove reference to the iron rods as monuments. These artificial monuments are easily moved and are unnecessary given the precise distances and courses identified by the survey. We therefore hold that the description of the disputed boundary in the judgment be amended to read as follows:

Beginning at a point on the easterly line of Atkinson Road, so called, in said Charleston, South 8°11′ 30″ West a distance of 339.6 feet southerly of the southwesterly corner of land described in a deed from John B. Bradford to Mr. and Mrs. Peter Baker recorded in Penobscot County Registry of Deeds, Volume 952, Page 249; thence South 83°44′00″ East a distance of 806.8 feet to a point; thence North 10°43′15″ East a distance of 606.4 feet to the southerly line of land described in a deed to Edwin C. Bickmore recorded in Penobscot County Registry of Deeds, Volume 1378, Page 37.

Bearings referenced herein are oriented to magnetic north 1990.

The entry is:

Judgment vacated.

Remanded to the Superior Court with instructions to enter a judgment describing the boundary according to the opinion herein.

All concurring.

---

**2.** This proposed description read:

Beginning at an iron rod set on the easterly line of Atkinson Road, so called, in said Charleston, which iron rod is South 8°11′30″ West along said road line a distance of 339.6 feet, more or less, from the southwesterly corner of land described in a deed from John B. Bradford to Mr. and Mrs. Peter Baker recorded in Penobscot County Registry of Deeds, Volume 952, Page 249; thence South 83°44′00″ East a [distance] of 806.8 feet to an iron rod to be set; thence North 10°43′15″ East a distance of 606.4 feet to an iron rod to be set in the southerly line of land described in a deed to Edwin C. Bickmore recorded in Penobscot County Registry of Deeds, Volume 1378, Page 37, which iron rod is to be set precisely *28 rods* from the northeasterly corner [described] in the aforementioned deed to Mr. and Mrs. Peter Baker recorded as aforesaid in Volume 952, Page 249.

(Emphasis added).