**Joan M. PERKINS**

v.

**Robert D. GRAVES, et al.**

Supreme Judicial Court of Maine.

Argued May 10, 1994.

Decided June 7, 1994.

Richard C. Ames (orally), Brunswick, for plaintiff.

Judy A.S. Metcalf (orally), Eaton, Peabody, Bradford & Veague, Brunswick, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ.

RUDMAN, Justice.

Joan M. Perkins appeals from the entry of a judgment in the Superior Court (Cumberland County, *Fritzsche, J.*) finding her liable for damages for trespassing on Robert and Marie Graves' land. We affirm that part of the judgment that locates the boundary between Perkins's property and the Graves' property according to the plan proposed by the Graves' surveyor. Because we hold that Perkins did not cause the damage or injury specified in 14 M.R.S.A. § 7552 (Supp.1993), however, we modify the judgment to vacate the award to the Graves of treble damages, attorney and surveyor fees.

Perkins owns a parcel of property in Harpswell where she lives and runs a clamshucking business. West of Perkins's property is land owned by Robert and Marie Graves. East of Perkins's property is land owned by the Catholic Church. The Ash Point Cove Road is the southerly boundary of these properties.

Perkins's and the Graves' land was once a single lot owned by David Ponziani, who in 1959 deeded the land that Perkins now claims to his wife Evelyn Ponziani. David Ponziani deeded the property now claimed by the Graves to Donald and Sheila Woods in 1963, who deeded the land to the Graves in 1977.

As these properties were conveyed through the years there was considerable confusion regarding the location of the boundary lines. The confusion did not result in dispute, however, until the mid–1980s when Perkins began operating her clam-shucking business on land she thought was her property adjacent to the Ash Cove Point Road. The Graves believed Perkins was encroaching on their property and they objected to the location of her shop and her customers' use of their driveway. In response, Perkins hired surveyor George Barnes to review the deeds and establish the location of the boundary. Barnes concluded that Perkins owned the property where her shop is located.[1] Perkins continued to operate her shop and began construction of a new septic system. In response to the Graves' continued complaints, Perkins brought an action for declaratory judgment to determine the location of the boundary. The Graves counterclaimed and sought damages pursuant to the trespass statute, 14 M.R.S.A. § 7552.

During a non-jury trial both parties' surveyors testified as to their interpretations of the boundaries as described in the 1959 deed from David to Evelyn Ponziani, which the parties acknowledge was the key conveyance. The court found in favor of the Graves and adopted their expert's plan as it depicted the boundary lines. The court granted the Graves damages for trespass in the amount of $1, which the court then trebled, and awarded them attorney and surveyor's fees. Perkins's request for further finding of fact was denied. Her timely appeal followed.

I.

■ "What boundaries a deed refers to is a question of law but where those boundaries exist on the face of the earth is a question of fact." *Milligan v. Milligan*, 624 A.2d 474, 477 (Me.1993). We reject Perkins's argument that the court made both errors of law and fact when it found what the boundaries of Perkins's land are and where they are located. Contrary to Perkins's contention, the court did not violate the rules of construction when it accepted the Graves' surveyor's interpretation of the 1959 deed so as to place part of Perkins's shop and her newly

---

1. Unfortunately for Perkins, however, Barnes's survey put Perkins's house and most of her shop on land owned by the Catholic Church. Perkins was able to resolve this boundary dispute by obtaining a deed from the Church for this piece of property.

excavated septic system on the Graves' land. *See Strout v. Gammon,* 629 A.2d 43, 45 (Me. 1993) (weight to be given to surveyor's opinion is prerogative of the factfinder).

The parties agree that the 1959 deed contains latent ambiguities and that the court must therefore determine the grantors' intent from contemporaneous circumstances and from standard rules of construction. *Milligan v. Milligan,* 624 A.2d at 477. The court was careful to follow the standard rules of construction, that is, that boundaries are controlled, in descending order of priority, by monuments, courses, distances, and· quantity, "unless this produces a result that is absurd or manifestly inconsistent with the parties' intentions." *Id.* at 478. Despite Perkins's efforts to characterize the court's findings as "absurd," we find that the court's drawing of the boundaries is consistent with the language of the deed and the intentions of the parties. In fact, the record demonstrates that Perkins's own surveyor ignored basic rules of construction in drawing up his plan by relying on a stone wall that was not mentioned in the 1959 deed, and by ignoring a critical monument—the Catholic Church land—mentioned in the deed. *See Conary v. Perkins,* 464 A.2d 972, 976 (Me.1983) (by ignoring monuments in the deed, surveyor was improperly reforming the deed). The court did not commit an error of law when it determined what monuments described Perkins's boundaries.

■ As to the court's actual placement of the boundaries, we will not disturb the court's factual findings on the location of monuments referenced in the deed unless they are clearly erroneous. *Tremblay v. DiCicco,* 628 A.2d 141, 143 (Me.1993). The record taken as a whole contains more than sufficient evidence to support the court's findings as to where on the face of the earth the boundaries were located. We will not disturb findings on the ground that the evidence would support a contrary conclusion, especially when that contrary conclusion requires greater deviation from the language of the deed than the court's findings require. *Milligan v. Milligan,* 624 A.2d at 478.

## II.

■ Although we affirm the court's findings on the location of the boundaries, we vacate the court's award of treble damages, attorney and surveyor fees in this case. The trespass statute the court relied on in granting the treble damages and fees to the Graves reads in pertinent part:

> Whoever cuts down, destroys, injures or carries away any ornamental or fruit tree, Christmas tree, evergreen boughs, agricultural product, timber, wood, underwood, stones, gravel, ore, goods or property of any kind from land not that person's own, without license of the owner, or injures or throws down any fences, bars or gates, or leaves such gates open, or breaks glass in any building is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs.

14 M.R.S.A. § 7552 (Supp.1993).

■ We agree with Perkins that the record does not support a finding that she caused an injury to land of the type described in section 7552. There was no evidence that there was any cutting down, destruction, or carrying away of any of the items listed in section 7552.[2] Accordingly we modify the judgment to vacate the award of

---

2. Moreover, the statute does not allow the award of damages unless the trespasser's actions were willful or knowing. *See Guilmet v. Galvin,* 597 A.2d 1348, 1349–50 (Me.1991). The court did not make an explicit finding that Perkins's actions were knowing or willful, and the court denied Perkins's request for additional findings on this point. M.R.Civ.P. 52(b). Because we find that Perkins's actions do not qualify as a § 7552 trespass, we do not need to address this issue, but we note that an express finding of knowing or willful conduct would be necessary to support the award of treble damages, attorney and professional fees under this section.

treble damages, attorney and professional fees.

The entry is:

Judgment modified to vacate award of treble damages, attorney fees, and surveyor's fees. As so modified, the judgment is affirmed.

All concurring.