Margaret McGRATH et al.

v.

Leslie HILLS.

Supreme Judicial Court of Maine.

Argued June 9, 1995.
Decided July 19, 1995.

216

John L. Carver (orally), John L. Carver, P.A., Belfast, for plaintiffs.

Sean T. Carnathan (orally) and Gary D. Vogel, Black, Lambert, Coffin & Rudman, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

Leslie Hills appeals from the judgment entered in the Superior Court (Waldo County, *Mills, J.*) in favor of Margaret and John McGrath. By their amended complaint,[1] the McGraths had requested the court[2] to order

---

1. The original complaint named as defendants Clarence Tripp and Kenneth Larrabee, owners of property adjacent to the McGraths'. The amended complaint included the two original defendants and Tootie Larrabee and Leslie Hills. The McGraths later settled with Tripp and the Larrabees and dismissed them as defendants.

2. 14 M.R.S.A. § 6651 (1980) provides in pertinent part:

A person in possession of real property, claiming an estate of freehold therein or an unexpired term of not less than 10 years, or a person who has conveyed such property or any interest therein with covenants of title or warranty, upon which he may be liable, may, if he or those under whom he claims or those claiming under him have been in uninterrupted possession of such property for 4 years or more, bring an action in the Superior Court, or in the District Court in the county or district respectively in which said real property lies, setting forth his estate, stating the source of his title, describing the premises, and averring that an apprehension exists that persons named in the complaint, or persons unknown claiming as heirs, devisees or assignees, or in any other way, by, through or under a person or persons named in the complaint, claim or may claim some right, title or interest in the premises adverse to his said estate; and that such apprehension creates a cloud upon the title and depreciates the market value of the property; and praying that such persons be summoned to show cause why they should not bring an action to try their title to the described premises.

Hills to show cause why he should not bring an action to try his title to certain disputed property and had sought trespass damages for gravel removed from their property without their permission.[3] In his answer, Hills included a request that the McGraths be ordered to try their title.

Following a hearing, the court (Waldo County, *Browne, A.R.J.*) granted the McGraths' request and denied Hills's request by ordering Hills to bring the action to try title. The trial court considered whether Hills could prove, as against the McGraths, title to that portion of property described in his deed as the Sewall Lancaster lot. Hills claimed that this lot is the most westerly portion of his land and that it abuts the eastern boundary of the McGrath property. In the course of Hills's presentation, and subsequently in that of the McGraths, each party submitted evidence of title. The court found that the McGraths had established their title in fee simple as against Hills.

The court then considered the location of the boundaries for the purpose of resolving the trespass claim, and found that Hills willfully damaged the McGraths' property without license and awarded treble damages for the gravel removed and wood cut ($15,664 × 3 for a total of $46,992), survey costs ($11,800), and attorney fees ($17,396.69).

## I. *The assignment and weight of the burden of proof*

### a. *The assignment*

■ Hills claims to have been prejudiced by the court's assigning to him the burden of proof. We have previously stated, and we reiterate now, that section 6651 of title 14 M.R.S.A. is not the most appropriate vehicle to resolve boundary disputes. A declaratory judgment action would have been the more fitting procedure. *See Hodgdon v. Campbell*, 411 A.2d 667, 669–70 (Me.1980)

("An action for declaratory judgment is an appropriate vehicle for establishing rights in real property."); *Chickering v. Yates*, 420 A.2d 1219, 1222–24 (Me.1980) (discussing inappropriateness of proceeding pursuant to section 6651 when, for example, location of boundaries is disputed); *see also* Comment, *Maine's Actions to Try Title: A Historical Perspective*, 32 Me.L.Rev. 355, 387–88 (1980) (explaining the centrality of the possession requirement to the availability of the statute). Nevertheless, in this proceeding no prejudice accrued to Hills because the court had sufficient evidence before it as to both parties' claims of title and rendered what is in essence a declaratory judgment.

■ "Showing no title in themselves, the plaintiffs cannot prevail even if it turned out that the defendants had no title." *Smith v. Varney*, 309 A.2d 229, 233 (Me.1973) (per curiam). Whether the action was tried as a declaratory judgment or pursuant to section 6651, Hills at some point would have had to come forward with better proof of title to the property claimed than the McGraths. Testimony proffered in this case permits the following conclusions: the Searsport–Stockton Springs town line was the western boundary of the McGraths' property. The McGraths' chain of title could be traced back to a deed dated 1871 from George Staples to David Berry. No title in the property could be found for Gertrude Lancaster, the source of Hills's title with respect to the Sewall Lancaster lot. No title could be found into the sources of Hills's title with respect to two other lots he claimed. A deed from G.W. Staples and others to S.A. Rendell (dated 1905), the source of Hills's title to property immediately north of the McGrath property, allowed one surveyor to conclude that "the southerly boundary of the Hills property as disclosed by this description was reasonably consistent with the location of the northerly

---

**3.** 14 M.R.S.A. § 7552 (Supp.1994) provides in pertinent part:

Whoever cuts down, destroys, injures or carries away any ornamental or fruit tree, Christmas tree, evergreen boughs, agricultural product, timber, wood, underwood, stones, gravel, ore, goods or property of any kind from land not that person's own, without license of the owner, or injures or throws down any fences,

bars or gates, or leaves such gates open, or breaks glass in any building is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs.

line of the McGrath property as described in their deeds." Hills's problem was his proof, not the burden. We discern no error in the court's conclusion that Hills failed to satisfy the burden.

Contrary to Hills's assertion, the trial court's decision did not establish a rule that a defendant in a section 6651 action must proffer expert testimony. The trial court simply found the evidence presented by the McGraths more persuasive than that presented by Hills.

### b. *The weight*

Hills contends the trial court essentially required him to prove title as against all the world rather than requiring him merely to prove that he had better title to the disputed property than did the McGraths. He contends that the court erred in stating that no evidence supported a link between the Lancaster–Woods deed and the Park–Lancaster deed.

Hills's burden was to prove better title than the McGraths. The court found that Hills failed because he could not establish a connection between his deeds and his various source deeds while the McGraths could show an unbroken chain of title and proffered a surveyor, Richard Day, whose work and explanation the court reasonably could and apparently did find credible.

### II. *Richard Day's plan*

Hills contends that Richard Day's plan does not follow the rules of construction and leads to an absurd result. He contends Day improperly disregarded the starting point of the description in the McGrath's deed, the northeast corner of the John Park land, and further, that Day's plan leaves two ownerless parcels, the northern half of the Parker Gray lot and the northern half of the Sewall Lancaster lot.

 The weight to be given to a surveyor's opinion is the prerogative of the factfinder. *See Perkins v. Graves*, 642 A.2d 1349, 1350–51 (Me.1994). The location of boundaries on the face of the earth is a question of fact, which we will disturb only if clearly erroneous. *Id.* at 1350. A factual finding is clearly erroneous only if no competent evidence supports it. *Tremblay v. DiCicco*, 628 A.2d 141, 143 (Me.1993), *cert. denied*, ––– U.S. –––, 114 S.Ct. 1062, 127 L.Ed.2d 382 (1994). It is clear that the trial court found Day's explanation and plan the most complete and reasonable. Day did not deny the existence of ambiguities and discrepancies. He, to the more complete satisfaction of the court, reconciled the ambiguities. Competent evidence supports the court's findings.

"A basic rule is that boundaries are controlled, in descending priority, by monuments, courses, distances, and quantity, unless this priority produces absurd results." *Theriault v. Murray*, 588 A.2d 720, 722 (Me. 1991). Day first explained his decision to start at the northwest corner rather than the northeast corner as called for in the deed, essentially saying that this was the only way that the entire picture would make sense. He then explained that he considered the call to the land conveyed to E.C. Dickey controlling as against the call to 60 rods. He satisfied himself that the call to the land of E.C. Dickey was a reference to a land conveyance to an Elman Dickey even though the conveyance to Elman Dickey post-dated the deeds in the McGraths' chain of title. Hills's other contentions about Day's choices are unpersuasive.

Hills further contends that the trial court's decision to accept Day's plan as credible produces the absurd result that two parcels are rendered ownerless. The trial court determined that as against the McGraths, Hills could not prove title to the land he claimed, which included the Lancaster lot and the Parker Gray lot. Further, the trial court found that, at least as against Hills, the McGraths proved title to the land they claimed, which encompassed portions of the land Hills had claimed. Day's explanation was sufficiently credible to explain the McGraths' deed. That this explanation leaves questions as to the dimensions and ownership of Hills's land is not an absurd result.

### III. *Whether Hills's trespass was willful*

 Whether conduct is willful is a question of fact and will not be set aside unless clearly erroneous. *Guilmet v. Galvin,*

597 A.2d 1348, 1349–50 (Me.1991). For conduct to be willful, it must display utter and complete indifference to and disregard for the rights of others. *See Fraser v. Barton,* 628 A.2d 146, 148 (Me.1993).

■■■ The trial court could have found that Hills's reliance on his deed and a walk on the property with the previous owner insufficient as steps to ascertain his boundaries. *See Guilmet,* 597 A.2d at 1350. The court could have considered this failure to take steps to ascertain the boundaries, in addition to Hills's continuing to remove gravel despite the existence of a dispute as to more than the location of the entry of the road, to amount to utter disregard for and indifference to the McGraths' rights. We find no clear error in the trial court's conclusion.

### IV. *The damages award*

■■■ We will not disturb an award of damages unless there is no rational basis for the award. *Bourette v. Dresser Industries Inc.,* 481 A.2d 170, 174 (Me.1984). The trial court's award in the instant case has a rational basis. The court valued the gravel removed at $1 per yard, which Hills does not challenge. He does challenge the valuation of the 5000 yards remaining in a stockpile on the McGraths' property. He contends the court should have offset the damage award by $4 per yard, the value per yard after he had the stockpile screened. The trial court offset the award by $1 per yard, representing the value per yard that the screening process added to the McGraths' property. We will not disturb this award.

### V. *Reduction of the damages*

Hills contends that the trial court should have reduced the pre-trebled damages by $6,500, the amount paid to the McGraths by defendants Kenneth Larrabee and Clarence Tripp, both of whom were named in the McGraths' original and amended complaints.

■■■ Title 14 M.R.S.A. § 163 (1980) mandates reduction of damages awarded against a nonsettling defendant by the settlement amount reached with a settling defendant when recovery is sought for the same injury. *Hewitt v. Bahmueller,* 584 A.2d 664,

666–67 (Me.1991) ("The focus of section 163 is on whether the plaintiff sought recovery for the same injury against both the settling defendants and the nonsettling defendants, not on whether the plaintiff asserted the same theories of recovery against all of the defendants."). The injury for which the McGraths sought damages from Hills pertained to Hills's removal of gravel from their property. While the McGraths alleged that Larrabee and Tripp were also removing gravel and harvesting trees from their property, there is no indication or suggestion that their actions were contemporaneous with Hills's. The statute mandates reduction for damage caused by two or more persons. There is no suggestion that Larrabee or Tripp caused the damage wrought by Hills's gravel removal. Hills's removal was presented as an independent action of his alone. The trial court did not err by declining to reduce the damage award by the amount paid by Larrabee and Tripp to the McGraths.

### VI. *Attorney fees on appeal*

■■■ In light of the trial court's finding that Hills willfully violated section 7552, the McGraths are entitled to their attorney fees on appeal. *See Winslow v. Merrifield,* 538 A.2d 283, 284 (Me.1988) ("In the circumstance of an unsuccessful appeal by a violator of section 7552, an award of attorney fees is mandatory.").

The entry is:

Judgment affirmed. Remanded with instructions to award the McGraths attorney fees on appeal.

All concurring.