2003 ME 111

**ZEMERO CORPORATION**

v.

**Diane HALL.**

Supreme Judicial Court of Maine.

Submitted on briefs: Feb. 26, 2003.

Decided: Sept. 5, 2003.

James W. Strong, Esq., Strong & Hokkanen, Thomaston, for plaintiff.

Wayne R. Crandall, Esq., Crandall, Hanscom & Collins, P.A., Rockland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Diane Hall appeals from a judgment, entered in the Superior Court (Knox County, *Marden, J.*), in favor of Zemero Corporation. Hall contends that the Superior Court erred in (1) construing an express easement to benefit Zemero and enjoining Hall from interfering with that easement; (2) finding an easement by estoppel; and (3) awarding Zemero $1000 in punitive damages. We vacate those parts of the judgment finding an easement by estoppel,[1] and awarding punitive damages, but we affirm the remainder of the judgment.

[¶ 2] Zemero, a Maine corporation owned and operated by Joanne Kroll, brought this action against Diane Hall pertaining to real property in the town of St. George, in the area known as Tenants Harbor. The dispute arose out of the existence of four easements, which were created along with the division of a large parcel of land and buildings by a common owner. The division of the property ultimately left Zemero as the owner of one portion of the parcel, on which it operates a grocery store, and Hall as the owner of the adjoining property, on which she operates a real estate office. The first easement, the easement relevant to this appeal, was created for the purpose of allowing access from the street over Hall's property to the grocery store.[2] The easement and right-of-way allow Zemero to use the northerly part of Hall's property for access and parking.

[¶ 3] The dispute in this case arose when Hall began landscaping the property and taking other actions that, according to Zemero, infringed upon Zemero's right-of-way, and affected deliveries to the grocery store, actions that had not occurred prior to Knoll's ownership of Zemero.[3]

---

1. Zemero concedes that it advised the court of its intent not to pursue its easement by estoppel claim and, accordingly, we vacate that portion of the court's judgment awarding to Zemero an easement by estoppel. *See Hall v. Norton,* 549 A.2d 372, 374 (Me.1988) ("The right of the plaintiff to voluntarily dismiss an action without prejudice exists at any time before commencement of the trial of the action.").

2. Of the four easements, only the first easement is in dispute in this appeal. The disputed easement provides:

   EASEMENT FIRST: An easement and right-of-way to use the northerly portion of the Halls' parking lot and a right-of-way from the westerly side of Mechanic Street to the fee parcel, above conveyed, for the parking of motor vehicles and a right-of-way for ingress, egress and regress from the westerly side of Mechanic Street over and upon the existing road to the easterly boundary of the fee premises, above conveyed. By acceptance of this easement, the Grantee, covenants and agrees with A. True Hall and Shirley L. Hall, to share all necessary costs of maintenance and improvements to said easement lot equally with the A. True and Shirley L. Hall. (The easement is then described by metes and bounds utilizing monuments of an iron pin "in the southerly boundary of Route 131," to an iron pin at the "intersection of two stone walls and at the westerly side of Mechanic Street," to a stone wall on the westerly side of Mechanic Street and "crossing a right-of-way thirty-eight (38) feet, more or less, to the southerly boundary of an existing road," to "the southerly boundary of said existing road fifty-eight (58) feet, more or less)."

3. Hall had the property surveyed and specifically requested the surveyor to identify and stake the perimeters of the express easement, but the precise boundaries of the easement remained in dispute.

[¶ 4] Zemero filed a seven-count complaint against Hall. Zemero's complaint sought *inter alia* a declaration as to its legal right to use the rights-of-way contained within the easements, an injunction to prevent Hall from interfering with the rights-of-way, declarations of easements by necessity, implication, estoppel, and prescription. Zemero also sought punitive damages based on Hall's conduct interfering with Zemero's rights.[4]

[¶ 5] Following a non-jury trial, the Superior Court determined the location of the first easement and declared the rights of both Zemero and Hall to use the right-of-way in the easement "in such a manner as not to interfere with another's use thereof." The court enjoined Hall from obstructing Zemero's use of the easement, and required her to remove all impediments to Zemero's use, including landscaping and signs. The court also found an easement by estoppel, and awarded Zemero $1000 in punitive damages for Hall's actions interfering with Zemero's rights.

[¶ 6] Following the court's response to Hall's motion for additional findings of fact and conclusions of law, Hall filed this appeal.

I.

■ [¶ 7] Hall contends that the Superior Court erred in its location of the first easement and in its determination that it burdens the entire parking lot. Specifically, Hall argues that the court failed "to be guided by the measurements set forth in the deed," and that the Superior Court's location of the easement constitutes an error as a matter of law.

■ [¶ 8] "Where boundaries are on the face of the earth is a question of fact and the court's factual finding in that regard will not be disturbed unless clearly erroneous." *Lawton v. Richmond*, 1997 ME 34, ¶ 9, 690 A.2d 953, 955.[5] In an effort to properly determine the location of the easement, the court personally viewed the premises. The court considered the testimony of Hall's surveyor, although it disagreed with the surveyor about the easement's location. *See Baptist Youth Camp v. Robinson*, 1998 ME 175, ¶ 8, 714 A.2d 809, 812 (noting a trial court is not bound by a surveyor's conclusions). After considering the opinion of the surveyor alongside other evidence in the case, including aerial photographs, the court found that the southern boundary of the easement, "now *exists on the face of the earth* as it did when photographs were taken . . . contemporaneous to the creation of the easement."

■ [¶ 9] That finding by the Superior Court, and its other factual findings, are

---

4. Hall filed a four-count counterclaim alleging, *inter alia*, that Zemero interfered with Hall's right to use her own property, and that Zemero owed money for certain maintenance costs associated with the easements. The court found in Zemero's favor on Hall's counterclaim, except that the court ordered Zemero to pay Hall $50 pursuant to its maintenance obligations, a conclusion that Zemero does not challenge.

5. *See, e.g., Baptist Youth Camp v. Robinson*, 1998 ME 175, ¶ 7, 714 A.2d 809, 812 ("Such factual determinations must be affirmed on appeal unless 'there is no credible evidence on the record to support them . . . or . . . the court bases its findings of fact upon a clear misapprehension of the meaning of the evidence.' ") (quoting *Rhoda v. Fitzpatrick*, 655 A.2d 357, 360 (Me.1994)); *Perkins v. Graves*, 642 A.2d 1349, 1351 (Me.1994) ("As to the court's actual placement of the boundaries, we will not disturb the court's factual findings on the location of monuments referenced in the deed unless they are clearly erroneous."); *Theriault v. Murray*, 588 A.2d 720, 721 (Me. 1991) ("[W]hat boundaries a deed refers to is a question of law, while the location of those boundaries on the face of the earth is a question of fact.").

not clearly erroneous. The court enjoined Hall from taking actions to interfere with the use of the easement, noting that the easement was created to benefit the grocery store. The court appropriately considered the history of the property and found that, when asked, those who parked in the disputed location routinely removed their vehicles, to facilitate the use of the first easement. The court recognized that the easement does not entirely deprive Hall of an interest in the easement, and concluded that Hall could use the southerly side of the easement for parking, provided that she moved her vehicle when requested to do so. *See Drummond v. Foster*, 107 Me. 401, 407, 78 A. 470, 472 (1910) ("The defendants have the right to use their land in any way they please, not inconsistent with the plaintiffs' right."). Given such considerations, the court's findings and conclusions are reasonable, supported by the evidence, and not clearly erroneous.

## II.

[¶ 10] Finally, Hall contends that the Superior Court improperly awarded $1000 in punitive damages to Zemero because of the absence of actual or implied malice in Hall's actions. Moreover, Hall contends that a court cannot award punitive damages in the absence of a corresponding award of compensatory damages. We agree.

[¶ 11] Although there was evidence to support a punitive damage award, punitive damages are impermissible absent an award of compensatory damages. *DiPietro v. Boynton*, 628 A.2d 1019, 1025 (Me. 1993) ("Punitive damages ... will lie only when the plaintiff receives compensatory or actual damages based on the defendant's tortious conduct."). Because Zemero did not request, and the court did not

award, compensatory damages, the award of punitive damages must be vacated.

The entry is:

Judgment vacated as to Counts V (easement by estoppel) and VII (award of punitive damages), of the complaint. Judgment affirmed in all other respects.