STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-0?-2?

FILED & ENTERED
SUPERIOR COURT
JUL 15 2004
PENOBSCOT COUNTY

Sandra L. Hames et al.,
            Plaintiffs/Counterclaim Defendants

Decision and Judgment

v.

Wendy Fricke,
            Defendant/Counterclaim Plaintiff

AUG ₁₀ 2004

Hearing on the complaint and counterclaim was held on June 24, 2004. All parties were present. The plaintiffs appeared with counsel, and the defendant proceeded pro se. In their complaint, the plaintiffs seek an order establishing their right to use an easement that crosses over the defendant's property and enjoining the defendant from interfering with that use. In her counterclaim, the defendant seeks an order establishing the location of that easement.[1]

The plaintiffs own a parcel of land, designated as Lot 4, located near the Puddledock Road in Charleston.[2] They are also the grantees of "an easement. . .over a fifty (50) foot right of way. . .running from the Puddledock Road, so-called to Lot 4. . . ." The defendant owns a parcel of land, designated as Lot 3, that abuts Lot 1 and that is

_____

[1] A series of pre-trial filings resulted in the order dated June 15, 2004, by which the defendant's counterclaim was limited to the issue noted in the text. In one of the earlier iterations of her counterclaim, the defendant may have sought an award of money damages for the past maintenance of the travel portion of the easement. However, as a result of the plaintiffs' subsequent filings, the defendant was ordered to file a superseding counterclaim, and she did so. The only claim raised in that superseding counterclaim related to the location of the easement; that superseding counterclaim did not assert any claim for money damages. Because a superseding filing, by definition, replaces (rather than supplements) any prior filings, the defendant must be deemed to have waived any claims other than the one for a determination of the easement's location.

[2] Lot 4 was originally conveyed to plaintiff Sandra Lee Hames only. She then conveyed the property to herself and her husband, plaintiff George E. Hames. They now own the property jointly.

located between the Puddledock Road and Lot 1. The deed that conveyed Lot 3 to the defendant specifically reserved the easement noted in the deed that conveyed Lot 4 to the plaintiffs.[3] There is no dispute here regarding the existence of the easement that runs over the defendant's land, providing access to Lot 4. Further, the court finds that the location of the fifty foot easement is as shown on plaintiffs' exhibit 2, which is a portion of a survey prepared by Kevin Webber. That survey is incorporated by reference into this judgment.

Due to interpersonal difficulties between the plaintiffs and the defendant, disagreements have arisen regarding the use of the easement. The court is convinced that none of the parties is free of responsibility for this dynamic. Despite these problems, the fact remains that the plaintiffs are entitled to the reasonable use of the easement in order to gain access to Lot 4, which is landlocked. The fact also remains that the defendant is free to use the land over which the easement runs in any manner she pleases, as long as her use does not unreasonably interfere with the plaintiffs' rights to the easement. *See Zemero Corp. v. Hall*, 2003 ME 111, ¶ 9, 831 A.2d 413, 416. This means, for example, that the defendant may temporarily impede the right-of-way by parking a vehicle in it, if she moves that vehicle when she is requested to do so. *Id.*

At the trial, the parties made reference to issues regarding the responsibility to maintain the easement. This is not an issue that has been properly raised here, and so the court cannot and does not address it formally. The court notes, however, that the deed creating the easement imposes on the plaintiffs an "obligation to share in the expense of maintenance and upkeep of said easement." Unless this term of the express easement is deemed to provide otherwise, for that part of the easement that is used by both the plaintiffs and the defendant, the parties have an obligation "to contribute jointly to the costs reasonably incurred for repair and maintenance of the portion of the servient estate used in common." RESTATEMENT (THIRD) OF PROPERTY, § 4.13(3) (2000). For any part

---

[3] The original deed for Lot 4 erroneously described the easement as one that provided access to Lot 1, rather than to Lot 4 itself. This error was rectified in a corrective deed. *This error is not material to this case because the deed conveying Lot 3 to the defendant* did not contain a similar error and because the defendant makes no argument here that the mistaken reference in the original deed affects the relevant rights of any of the parties at bar.

of the easement that only the plaintiffs use, the responsibility for maintenance is theirs. *Id.*, §§ 4.13(1), (2).

In order to avoid repeated trips to the courthouse, the parties will need to develop a cooperative and functional working relationship to address their use and maintenance of the easement, which is a point of common interest. The arrangements should take into account the circumstances of the parties. For example, the plaintiffs indicated that they would be willing to pay a third-party (i.e., someone other than the defendant) to plow or otherwise maintain the road. The plaintiffs also acknowledge, however, the defendant's limited financial resources. Thus, it may be unreasonable for the plaintiffs to insist on any arrangement that would require the defendant to pay money in order to secure the services of a third-party to do the work that otherwise could be accomplished without such an outlay. These specific issues, however, need to be addressed by the parties, and if they are unable to agree, they are left to another day.

The entry shall be:

For the foregoing reasons, the court concludes that the plaintiffs have and are entitled to use an easement that crosses the land owned by the defendant. The location of the easement is shown in plaintiff's exhibit 2, which is incorporated by reference herein. The defendant is enjoined and prohibited from unreasonably interfering with the plaintiffs' right to use that easement as a means of gaining access to and egress from their property abutting the defendant's.

The court does not award costs of court to any party.

Dated: July 15, 2004

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

3


PLAINTIFF'S EXHIBIT
2
ALL-STATE LEGAL®
RE-03-21
6/24/04

exHibit D

NOW OR KEI CHERYL

PUDDLEDOCK ROAD

S 02°42'30" E    200.02'
S 02°42'30" E    200.02'

S 82°28'30" E    288.00'

S 82°28'30" E    347.50'

EXISTING ROAD

POWER & PHONE
POWER & PHONE

LOT 2
1.98 ACRES

LOT 1
1.64 ACRES

POWER & PHONE

S 81°25'00" W    47.63'

S 71°40'10" W    24.07'

S 65°56'00" W    25.85'

WELL HOUSE

666.63'    N 82°24'00" W

N 15°23'40" E    323.56'

N 86°10'40" W    97.34'

POWER & PHONE

LOT 3
2.24 ACRES

WELL HOUSE

50' RIGHT OF WAY

N 79°22'10" W    239.42'

29.00'

KTL REALTY
TO
SANDRA LEE HAMES
4011/167

WELL    41.6'

311.41'

S 01°02'00" W

S 04°16'10" W    83.55'

240    250    260    270    280

SANDRA L HAMES  - PLAINTIFF
P O BOX 473
CORINTH ME 04427
Attorney for: SANDRA L HAMES
EDWARD C SPAIGHT
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Attorney for: SANDRA L HAMES
JAMES C MUNCH III
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Attorney for: SANDRA L HAMES
MARVIN GLAZIER
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


GEORGE E HAMES III - PLAINTIFF
P O BOX 473
CORINTH ME 04427
Attorney for: GEORGE E HAMES III
EDWARD C SPAIGHT
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Attorney for: GEORGE E HAMES III
JAMES C MUNCH III
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919


Attorney for: GEORGE E HAMES III
MARVIN GLAZIER
VAFIADES BROUNTAS & KOMINSKY
PO BOX 919
23 WATER STREET
BANGOR ME 04402-0919



vs
WENDY FRICKE   - DEFENDANT
367 PUDDLEDOCK RD
CHARLESTON ME 04422

Filing Document: COMPLAINT
Filing Date: 05/20/2003

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-RE-2003-00021

**DOCKET RECORD**

Minor Case Type: EQUITABLE REMEDIES

Printed on: 07/15/2004