STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. RE-05-103

DAVID DAVIES, et al.,

    Plaintiffs,

v.                                                          ORDER

SANDBAR ROAD ASSOCIATION,

    Defendant.

Before the court is plaintiffs' motion for partial summary judgment. The dispute in this case involves the boundary of certain property owned by plaintiffs in Windham and whether that property is located between the end of Sandbar Road and Little Sebago Lake or whether Sandbar Road reaches the water's edge.

1.   Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

2. <u>Ambiguity of Deed</u>

The first issue presented by the instant motion is whether the relevant deeds establish that plaintiffs' property lies between the end of Sandbar Road and the edge of Little Sebago Lake.

The parties do not dispute that the crucial deed is a 1970 deed from Eleanor and Arthur Philpot to Evelyn Davies conveying land described as follows:

> Beginning at the northerly corner of land now or formerly of Clarence Tasker, on the southeasterly side of the South Pond Road, also called The Sand Bar Road; thence southeasterly by said Tasker land to the shore of Little Sebago Lake; thence northerly and westerly by the shore of said Lake to a point in the extension of the northwesterly side of said South Pond Road or The Sand Bar Road, so called; thence southwesterly, by the northwesterly side of said road, as so extended to a point opposite the point of beginning; thence southeasterly to the point of beginning; excluding, however, that portion thereof which is now used as a road but reserving to this Grantee and others the right to use said portion as a road as now being used.

Plaintiffs' Statement of Material Facts (SMF) ¶ 7 (admitted) and Exhibit D thereto.

Eight years later, Eleanor Philpot conveyed all of her right, title, and interest in the Sandbar Road to the defendant Sandbar Road Association. That deed contains the following description of the property conveyed:

> All my right, title and interest . . . in and to the fee and all other rights in a private roadway known as Sandbar Road . . . . extending from the northeasterly side line of Route #115 in said Windham in a general northeasterly direction, in most part near the shore of Little Sebago Lake, to its terminus at the Lake at the most easterly corner of premises now owned by William L. McVane, Jr., said portion of Sandbar Road being also sometimes referred to as South Pond Road, and also all the right, title and interest of the Grantor herein, as aforesaid, in a roadway running westerly from the first described roadway toward Pettengill Pond, second roadway commencing approximately eight hundred (800) feet from the northerly or northeasterly terminus of the first described roadway, said westerly extension being sometimes known as Old Sandbar Road.

2

> This conveyance includes all of the roadbed between the
> public highway and the terminus of each of said Sandbar
> Roads and is abutted on either side by lands of lot owners or
> by the shore of the Lake . . . This conveyance is made subject
> to the rights of all others in and to said roadways, in
> common with the Grantor herein.

Plaintiffs' SMF ¶ 15 and Exhibit G thereto.

Thus the defendant Association was conveyed all of the roadway known as Sandbar Road "to its terminus at the Lake at the most easterly corner of the premises now owned by William L. McVane." Plaintiffs, however, argue that the 1978 Philpot deed to the Association could not convey what Eleanor Philpot did not own in 1978, that Sandbar Road did not in fact extend to the Lake, and that the parcel previously conveyed to Evelyn Davies included land between the terminus of Sandbar Road and the Lake.

The area in dispute is perhaps best demonstrated by Exhibit B to the Affidavit of David Davies, which is a survey of the property with the disputed area crosshatched and colored in yellow. Plaintiffs contend that the disputed area was granted to them in the 1970 Philpot-Davies deed. Defendant contends that the road extends to the Lake through the disputed area.

Because the 1970 Philpot-Davies deed preceded the 1978 deed to the Association, if that deed unambiguously granted Evelyn Davies land between the end of Sandbar Road and the Lake, plaintiffs would be entitled to summary judgment. Initially, this requires the court to construe the language in the deed that the property runs northerly and westerly by the shore of said lake "to a point in the extension of the northwesterly side of said . . . Sand Bar Road."

First, the court perceives an ambiguity in the language referring to "a point in the extension of the northwesterly side" of Sandbar Road. Does the use of the term

3

"extension" mean that the road itself has terminated and that the extension of the northwesterly line of the road goes beyond the actual road? Or is "extension" used in the sense that the road extends northwesterly to the lake and the point in question is part of the road?

Even if the use of the term "extension" is intended to signify that the northwesterly line of the road does not reach the lake, there is a potential ambiguity. The Owen Haskell survey offered by plaintiffs (Exhibit B to David Davies Affidavit) shows that the lakeshore cuts across the disputed area at an extreme diagonal angle. As a result, it is possible that the <u>southeasterly</u> side of the Sandbar Road intersects the Lake and that the road then stops. While the northwesterly line of the road would then have to be extended to reach the lake, part of the road would still reach the lake.

### 2.    Need to Determine Extent of Road

In the alternative, in the court's view, irrespective of any ambiguity, the subsequent language in the deed "excluding, however, that portion thereof which is now used as a road" means that the case cannot be decided without determining what portion of the property was used as a road in 1970.[1] The result of the language excluding the road is to make the Sandbar Road a monument whose location as of 1970 must be found in order to determine the boundary of the Davies property. <u>See</u> <u>Theriault v. Murray</u>, 588 A.2d 720, 722 (Me. 1991) (court must ascertain the original location of any monuments used in a deed if it is possible to do so).

---

[1] The language of the deed is somewhat odd since, under any interpretation of the deed, the deed first sets the boundary of the property as the northeasterly side of Sand Bar Road – thereby including the road within the property – and then proceeds to exclude the road.

3.    Factual Disputes for Trial

As a result, either because the 1970 Philpot-Davies deed is ambiguous or because it is necessary to determine the 1970 location of Sandbar Road as a monument referred to in that deed, the court must consider extrinsic evidence as to the physical location of the Sandbar Road in order to resolve this action.

On this issue, plaintiffs contend that they are entitled to summary judgment because, in opposing the factual assertions set forth in plaintiffs' statement of material facts, the defendant Association has cited to affidavits without specifying specific paragraphs.  Plaintiffs are entirely correct that Rule 56(h)(4) states that an assertion of fact set forth in a statement of material facts shall be followed by a citation to "the specific page or paragraph" of identified record material supporting the assertion.  The court would therefore be entitled to disregard all of the factual material in the affidavits submitted on behalf of the Association because no paragraph numbers are specified.

On the other hand, the rule makes this discretionary.  Thus the following sentence of the rule reads, "The court may disregard any statement of fact not supported by a specific citation to record material" (emphasis added).  The court is not permitted to independently search the record on a motion for summary judgment. Levine v. R.B.K. Caly Corp., 2001 ME 77 ¶ 9, 770 A.2d 653, 656.  Moreover, if the failure to supply specific paragraph citations in a given case made it difficult for the court to determine what facts a party opposing summary judgment was relying on, the court would be strongly inclined to exercise its discretion to disregard the factual assertions in question.

In this case, however, the court has absolutely no difficulty discerning the factual issues and the specific facts relied on by defendant Association. The key factual issue in the case is whether in 1970 the Sandbar Road terminated at the edge of the lake or

5

stopped short of the lake.[2]  On that issue the court only has to read as far as the first sentence of the second paragraph of the Coffey Affidavit to discern that there is a factual dispute.  The first paragraph of the Coffey Affidavit identifies Coffey and his relationship to the area.  The second paragraph begins:

> I recall that Sandbar Road always terminated at the water's edge until the Davies began placing rocks and planting trees at its edge.  Sandbar Road clearly went to the water's edge in 1970 . . .

That affidavit alone is sufficient to establish that there is a factual dispute for trial.  Some of the other affidavits submitted by defendant are more involved, but the court does not have to search the record to conclude that the Association has raised a factual dispute.  See also Koenig Affidavit ¶ 3; Hennessey Affidavit ¶ 3.

Under these circumstances the court concludes it would be overly formalistic and not within the spirit of the rules to enter summary judgment against defendant for want of paragraph citations.  See M.R.Civ.P. 1 (Maine Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action").

The entry shall be:

Plaintiffs' motion for partial summary judgment is denied.  The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     March _/5_ , 2007

_____
Thomas D. Warren
Justice, Superior Court

---

[2] See Plaintiffs' SMF ¶ 8.

CHRISTIAN CHANDLER ESQ
PO BOX 7320
PORTLAND ME 04112

BARRY WOODS ESQ
ONE MONUMENT SQUARE
PORTLAND ME 04101