*Exceptions sustained.*
*Declaration adjudged good.*

---

CLARA C. COOMBS et als., in Equity, *vs*. LENOX REALTY COMPANY.

Androscoggin. Opinion October 13, 1913.

*Discretion. Equity. Injunction. Jurisdiction. Laches. Nuisance. Trespass.*

Bill in equity to compel defendant to remove building which encroaches upon plaintiffs' land about one and one-half inches.

*Held:*

1. That, in general, where a defendant has gone on without right and without excuse in an attempt to appropriate the plaintiffs' property, or to interfere with his rights, and had changed the condition of the real estate, he is compelled to undo, so far as possible, what he had wrongfully done affecting the plaintiffs and pay the damages.

2. Where, by an innocent mistake, erections have been placed a little upon the plaintiffs' land, and the damages caused to the defendant by the removal would be greatly disproportionate to the injury of which the plaintiff complains, the court will not order them removed, but will leave the plaintiff to his remedy at law.

The doctrine applied by the court in equity, in cases of this kind, call for a consideration of all the facts and circumstances which help to show what is just and right between the parties.

On appeal by defendant from decree of sitting Justice. Bill dismissed. Appeal denied.

This is a bill in equity wherein it is alleged that the brick wall of the defendants' building, eighteen feet from the ground, between the second and third floors and continuing to the roof and shows a maximum overhanging upon plaintiffs' premises of about one and

one-half inches. The plaintiffs pray that so much of building and wall of said building as extends over and beyond the northerly line of plaintiffs' land and encroaches thereon may be adjudged a nuisance to the plaintiffs and that said defendant be ordered to remove the same forthwith. The defendant filed an answer and the plaintiffs replications.

At the hearing of this cause upon bill, answer and proof before the Supreme Judicial Court for Androscoggin County, at the January Term, 1913, the Justice presiding ordered, adjudged and decreed that the bill be dismissed. From said decree, the plaintiffs appealed.

The case is stated in the opinion.

*George C. Webber,* for plaintiffs.

*Harry Manser,* for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SPEAR, J. This is a bill in equity in which the plaintiffs allege that the brick wall of the defendant's building, eighteen feet from the ground, and between the second and third floor and continuing to the roof shows a maximum overhang upon the plaintiffs' premises of about one and one-half inches; and prays that the encroachment upon the plaintiffs' land occasioned thereby may be adjudged a nuisance and that the defendant may be ordered and required to remove it forthwith.

The case comes up on appeal from the decree of the sitting Justice. In this decree the law and the facts are so fully stated that the court feels fully justified in adopting it as a proper declaration of the law. If we were to write an opinion, it would necessarily be but a restatement of the law found in the decree, as we fully endorse both the reasoning and the result therein announced. The decree is as follows:

"This case came on to be heard on bill, answer and proof, and was argued by counsel. And now after mature deliberation, I make the following findings of fact, and rulings in law.

"The defendant in the winter of 1911-1912 erected a four story brick apartment building on Turner Street, Auburn, on land adjoining the plaintiffs' land. At the bottom, the wall next to the plaintiffs'

land was built about one inch in from the division line, and was so continued up to the second story.  At a point between the second and third stories, owing  it is said to the freezing of the mortar nights in extreme cold weather, the wall gradually bulged out as it was built up, until it was in a place or places two inches over the line.  The trouble was then noticed by the contractor, and the wall was gradually drawn in until at the top it projected over the line about a quarter of an inch.  The result was that when the wall was completed there was an area on its side, towards the easterly end, 20 to 30 feet high and 30 to 40 feet long, which overhung the plaintiffs' land, and the overhang was two inches at the most, and from that down to a point at the bottom, and a quarter of an inch at the top.

"It is not shown that any of the defendant's officers or agents knew of the bulging until after the building was completed.  The contractor testified, and I find, that although he knew of the bulging before the wall was completed, he did not think it was over the line.  The plaintiffs have not been guilty of laches, and have in no sense acquiesced.

"It is not disputed that the plaintiffs, owning the soil in fee, owned also ad usque coelum, and the overhang of the wall is an invasion of their rights.  They have already brought two successive actions of trespass quare clausum fregit for the trespass, and have recovered judgment in each.  The plaintiffs now bring this bill for a mandatory injunction to compel the defendant to remove the overhang of the wall which is over their line.

"The plaintiffs have a three story wooden tenement building on their lot, standing so near the offending brick wall of the defendant, that it will be impossible to remedy a very considerable portion of the overhang, by working on the outside.  The wall will have to be torn out from the inside, and rebuilt, if abatement is ordered.  The plaintiffs are sustaining no pecuniary damage at the present time, and will not so long as their present use of their property is unchanged.

"It is not disputed that equity has jurisdiction to order the invasion of the plaintiffs' premises to be abated.  The grounds of such jurisdiction, as usually stated, are the want of a complete remedy at law, since full compensation for the entire wrong cannot be

obtained in an action at law for damages, (see 4 Pomeroy's Eq. Juris. sect. 1357 and note) and to prevent a multiplicity of actions, since a plaintiff might be compelled to bring a succession of action in order to obtain relief. See 1 Pomeroy's Eq. Juris. sect. 252 and 5 do. sects. 496, 516.

"But it does not follow that a writ of mandatory injunction should be granted in all cases. It is a discretionary writ. The discretion, however, is not an arbitrary one, but is to be exercised in accordance with settled rules of law. The rules by which I think this case must be tested are stated in *Lynch* v. *Union Institution for Savings,* 159 Mass., at page 308, in these words: 'In general, where a defendant has gone on without right and without excuse in an attempt to appropriate the plaintiff's property, or interfere with his rights, and has changed the condition of his real estate, he is compelled to undo, so far as possible, what he had wrongfully done affecting the plaintiff, and pay the damages. In such a case a plaintiff is not compelled to part with his property at a valuation, even though it would be much cheaper for the defendant to pay the damages in money than to restore the property. . . . On the other hand, where, by an innocent mistake, erections have been placed a little upon the plaintiff's land, and the damages caused to the defendant by removal of them would be greatly disproportionate to the injury of which the plaintiff complains, the court will not order their removal, but will leave the plaintiff to his remedy at law. The doctrines applied by the court in equity in cases of this kind call for a consideration of all the facts and circumstances which help to show what is just and right between the parties.'

"I think the case at bar falls within the second class of cases mentioned in the Massachusetts case. Here there was no intention nor attempt to appropriate the plaintiffs' property. The contractor made a mistake. The injury to the plaintiffs is now trivial, and at no time can it be so great that it would not be many times outweighed by the expense, damage and loss which would necessarily be occasioned to the defendant if it should be compelled to remove the overhang of its wall. I do not think that equity requires or permits the court to use its strongest arm to produce a result so inequitable. I think the bill should be dismissed, but, under the circumstances, without costs. For further discussion, see *Meth.*

*Epis. Soc.* v. *Akers,* 167 Mass., 560; *Harrington* v. *McCarthy,* 169 Mass., 492; *Levi* v. *Worcester Consolidated St. Ry.,* 193 Mass., 116; *Kendall* v. *Hardy,* 208 Mass., 20; *Kershishan* v. *Johnson,* 210 Mass., 135; *Hunter* v. *Carroll,* 64 N. H., 572.

"It is therefore ordered, adjudged and decreed that the bill be dismissed."

*Appeal denied.*