Abigail WALSH, et al.

v.

Robert JOHNSTON, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs May 13, 1992.
Decided June 11, 1992.

---

Roger G. Innes, Hale & Hamlin, Ellsworth, for plaintiffs.

Wayne P. Libhart, Gross, Minsky, Mogul & Singal, Ellsworth, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The plaintiffs, Abigail Walsh and Betty Seidle, appeal and the defendants, Robert Johnston and Jacqueline Lord, cross-appeal from the judgment entered in the Superior Court (Hancock County, *MacInnes, A.R.J.*). The plaintiffs contend that the court abused its discretion by granting an injunction requiring them to remove all of that part of their building and any foundations presently encroaching upon the defendants' premises and to restore the premises to its condition prior to the encroachment. The defendants contend that the court erred in determining that they failed to establish that the plaintiffs' conduct was willful or knowing, thus entitling defendants to damages, attorney fees and costs pursuant to 14 M.R.S.A. § 7552 (Supp.1991).[1] We affirm the judgment.

This dispute arose over the issue of whether the plaintiffs' cottage encroached on property owned by the defendants. The plaintiffs and the defendants own adjacent property in Gouldsboro with a common boundary line that runs from Gouldsboro Bay to Nutter Road. The plaintiffs had removed the cottage on their property from its original location to its present location and increased its size. In response to the plaintiffs' complaint seeking a declaration of title by adverse possession and acquiescence to the disputed premises and dam-

---

1. 14 M.R.S.A. § 7552 provides in pertinent part:
   Whoever cuts down, destroys, injures or carries away any ... timber, wood, underwood, stones, gravel, ore, goods or property of any kind from land not that person's own, without license of the owner, ... is liable in damages to the owner in a civil action. If such an act or such acts are committed willfully or knowingly, the defendant is liable to the owner in treble damages and, in addition, for the cost of any professional services necessary for the determination of damages, for attorney's fees, and for court costs.

ages for trespass and waste, the defendants, *inter alia,* filed a counterclaim alleging title to the premises and seeking the removal of the encroachment and an award of damages, attorney fees and costs as provided by section 7552.

Pursuant to a stipulation of the parties, the court viewed the disputed premises. After a hearing, the court found that the defendants have title to the disputed premises; that there is a major encroachment on the defendants' property by a portion of the plaintiffs' cottage, affecting the defendants' use and enjoyment of their property; and that the financial loss to the defendants of leaving the cottage in place is greater than the cost to the plaintiffs for removal of the encroaching portion of the cottage. The court further found that the defendants had failed to establish that any acts of the plaintiffs were committed willfully and knowingly. Accordingly, the court granted injunctive relief to the defendants, requiring the plaintiffs to remove that portion of the cottage and all foundations presently encroaching on the defendants' premises and to restore the premises to its prior condition, and denied the defendants' request for the relief sought pursuant to section 7552.

The plaintiffs contend that the court abused its discretion in granting the injunction because there was no irreparable harm to the defendants and the competing hardships compelled a decision in their favor. In *Ingraham v. University of Maine at Orono,* 441 A.2d 691, 693 (Me.1982), we set forth the criteria that generally must be met by the party seeking a permanent injunction: (1) [defendants] would suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on [plaintiffs]; (3) the public interest will not be adversely affected by granting the injunction. The court of equity should not consider these factors in isolation but should weigh all the criteria together in determining whether injunctive relief was proper in the specific circumstances of each case. *See Department of*

*Environmental Protection v. Emerson,* 563 A.2d 762, 768 (Me.1989).

■ The law is well established that irreparable injury in the context of an encroaching structure does not mean that the injury complained of is incapable of being measured by a pecuniary standard. The owner of the land is not compelled to part with the property at a value even though it would be much cheaper for the encroacher to pay money damages than to restore the property. *See Coombs v. Lenox Realty Co.,* 111 Me. 178, 181, 88 A. 477 (1913). "The doctrines applied by the court in equity ... call for a consideration of all the facts and circumstances which help to show what is just and right between the parties." *Id.; see also* Dobbs, *Remedies* § 5.6 (1973) (in dealing with trespass of encroaching structure, injunction is granted or denied as balance of relative hardship to parties and equities between them may seem to indicate). "[W]hen the equity court has balanced the relevant factors after hearing all the evidence on both sides, our role on appeal is limited to determining whether the court's grant of the ... injunction constituted an abuse of discretion." *Department of Environmental Protection,* 563 A.2d at 768. In the instant case, the record reveals that the trial court properly considered all the facts and circumstances presented to it in determining that the equities were balanced in favor of the defendants and did not abuse its discretion in granting the injunction.

■ We find no merit in the defendants' contention that the trial court erred in finding that the defendants failed to establish that the acts of the plaintiffs were willful or knowing. The determination by the trial court as to whether conduct is willful or knowing within the meaning of section 7552 is a question of fact and will not be set aside unless clearly erroneous. *See Guilmet v. Galvin,* 597 A.2d 1348, 1349–50 (Me.1991). *See also Bonk v. McPherson,* 605 A.2d 74, 77 (Me.1992) (as used in section 7552, conduct is "willful" if it displays utter and complete indifference to and dis-

 

regard for rights of others and is "knowing" if done with subjective awareness that act improperly taking place on another's land). On the evidence before it, the court did not err in determining that the defendants failed to establish that the acts of the plaintiffs were willful or knowing within the meaning of section 7552.

The entry is:

Judgment affirmed.

All concurring.