Joseph LITTLEFIELD

v.

Maxine ADLER.

Supreme Judicial Court of Maine.

On Briefs Feb. 16, 1996.
Decided June 6, 1996.

Robert M. Morris, Douglas, Whiting, Denham & Rogers, Portland, for Plaintiff.

John R. Kugler, Wells, for Defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, and LIPEZ, JJ.

LIPEZ, Justice.

Maxine Adler appeals from the judgment entered in the Superior Court (York County, *Gaulin, J.*), ordering her to remove a porch that protrudes into a right of way reserved by Roby P. Littlefield, predecessor in title to Joseph Littlefield. Adler contends that the court abused its discretion in ordering her to remove the porch. Littlefield argues that there was no abuse of discretion. We affirm the judgment.

In 1962 Roby Littlefield (Roby) conveyed a parcel of land in Ogunquit to Forrest and Rosa Boston. At the time of that conveyance, a house existed on the property, the southernmost portion of which protruded into a forty foot right of way that Roby reserved to himself in the deed. Roby also reserved the right to move the house further northward on the Boston's lot so that it would no longer protrude into the right of way.[1] The Bostons conveyed the parcel to Jacob and Maxine Adler in 1974. Roby's interest is now held by his devisee, Joseph Littlefield.

In 1979 the Adlers relocated a cottage on their parcel making it impracticable for Roby or his successors in interest to exercise the right reserved in the deed to move the entire house northward on the Adler property to clear the right of way. In fact, Joseph Littlefield has conceded the impracticability of the exercise of this right.[2] The parties agree that the porch at issue protruded into the right of way at the time of the original conveyance from Roby to the Bostons. Adler's only modification to the porch has been to enclose it.

In 1992 Littlefield sought to enjoin Adler and her late husband[3] from "encroaching and interfering with the right of way in any manner," citing the placement of a stonewall and a garden,[4] as well as the protrusion of the porch, as encroachments. The Adlers counterclaimed, seeking a declaration of title, reformation of the deed conveying the land to them by the Bostons, and damages.

Based on stipulated facts, the court confirmed Littlefield's rights in the forty foot right of way originally reserved by Roby, and ordered Adler to remove the porch protrud-

---

1. The reservation reads: "the right to move in a northerly direction onto adjacent land of the grantee [formerly the Bostons, now Adler], the house, now partly located on this above-described forty foot right of way, a sufficient distance to clear this reserved right of way."

2. *See* note 5.

3. Adler's husband, Jacob Adler, died during the pendency of this litigation.

4. The court ordered that Adler return the garden areas to natural grass cover and make no further use of them. Although Adler was permitted to keep the stonewall in its present location, she was required to maintain and replace it at her expense. These orders are not contested on appeal.

ing into the right of way. The court further concluded that Littlefield is estopped from asserting the right to move Adler's residence in a northerly direction, completely out of the right of way, and that Adler is permitted to maintain, repair, and upwardly expand the residence according to its original footprint, subject only to removal of the porch that extends into the right of way.

### Removal of the Porch

■ The grant or denial of injunctive relief is reviewed on appeal for an abuse of discretion. *See Walsh v. Johnston,* 608 A.2d 776, 778 (Me.1992). Adler contends that the court's order directing her to remove the porch was an abuse of discretion because the right to remove part of the house was not specifically reserved in the original deed. Littlefield contends that the court's equitable powers permitted the relief.

■ The power of equity is broad and flexible. *See Levasseur v. Dubuc,* 229 A.2d 201, 204 (Me.1967). Equitable remedies may be fashioned to meet the needs of the parties in a particular case. *Id.* In the instant case, the rights reserved in the original deed were two: first, Roby reserved to himself, his heirs and assigns, a forty foot right of way which, at the time of reservation, had a portion of an existing residence protruding into its boundaries; second, he reserved to himself, his heirs and assigns, the right to move that residence in its entirety in a northerly direction, out of the right of way. Together, these two reservations give Littlefield, Roby's successor in interest, a single right to an unobstructed right of way. Although Littlefield conceded that it was no longer practical to insist on enforcement of his right to move the Adler's entire residence from the right of way, the court could reasonably have

found that this concession did not preclude the more modest demand that the porch be removed from the right of way.[5] In ordering that removal, the court acted within the scope of its equitable power and did not abuse its discretion.

### Equitable Estoppel

■ Equitable estoppel precludes an owner from asserting his legal title when, by his own action or inaction, he has caused another person to act or to alter her position to her detriment. *Milliken v. Buswell,* 313 A.2d 111, 119 (Me.1973). Intent to mislead is not required, and mere silence can be sufficient to support the application of equitable estoppel if the owner's silence in fact misled the other party and the owner was silent when he had a duty to speak (for example, when inquiries are directed at him). *Id.* Equitable estoppel based on an owner's silence will only be applied when it is shown by "clear and satisfactory" proof that the owner was silent when he had a duty to speak. *Id.* Clear and satisfactory proof means clear and convincing proof. *See Boston & Maine R.R. v. Hannaford Bros. Co., et al.,* 144 Me. 306, 314, 68 A.2d 1, 6 (1949). Equitable estoppel should be "carefully and sparingly applied." *Id.*

■ Adler contends that she was misled by the silence and apparent acquiescence of Littlefield's predecessor in interest, Roby, when she made improvements to her property on that portion of the land where the residence would be moved if Littlefield ever chose to exercise his right of removal. Because Roby did not object at the time of those improvements, she argues, he acquiesced to them and forfeited his right and that of his successor to relocate the residence

---

5. Adler contends that this concession by Littlefield that he could no longer insist on removal of the entire structure meant that he could no longer insist on the removal of a portion of it. This argument is based on the language of paragraph 13 of the stipulation of facts:

 Plaintiff waives any right to remove any portion of the existing structure ... from the forty foot right of way except the porch structure referenced in paragraph 11 above and as

marked in yellow on the Site Plan, realizing that by the passage of time it has become impractical to move the remainder of the existing structure, and believing that only the protrusion seriously interferes with Plaintiff's use of the right of way.

The plain language of this stipulation precludes any argument that Littlefield waived his right to seek removal of the porch.

or to clear the right of way by removal of the porch.

We review the trial court's conclusion that equitable estoppel does not apply for clear error. *See Milliken,* 313 A.2d at 119. The stipulated facts do not establish by clear and convincing evidence that Roby had a duty to object when Adler made the improvements to her property. The court did not err in rejecting Adler's claim of estoppel.

The entry is:

Judgment affirmed.

All concurring.