STATE OF MAINE                                              SUPERIOR COURT
                                                           CRIMINAL ACTION
YORK, ss.                                                  DOCKET NO. RE-04-012

RIVER DALE ASSOCIATION, et al.,

                    Plaintiffs

            v.                              **JUDGMENT**

ANDREW W. BLOSS, et al.,

                    Defendants

This case involves a dispute concerning the proper interpretation of certain restrictive covenants contained in the deeds to property in the River Dale subdivision in Kennebunk, Maine. For a more complete description of the issues in contention see the Court's order of September 29, 2004. In short, however, the Court concluded therein that the modular home constructed by Defendants did not violate the restrictive covenant precluding erection of "home[s] already constructed", but the application of vinyl siding did violate the restrictive covenant, which precluded the use of non-natural siding materials. The plaintiffs request injunctive relief requiring the Defendants to remove the vinyl siding and replace it with natural (wood, stone or masonry) siding. The Defendants object, arguing that replacement would be expensive; that the vinyl siding does not significantly impact the value of homes in the subdivision and they did not act in bad faith.

Restrictive covenants may be enforced in equity through mandatory injunctive relief. However, the enforcement of such covenants is governed by general equitable

principles, including an evaluation of the balance of harms and the social utility of the relief granted.

Here, the cost to remove the vinyl siding and replace it with natural material would be in excess of $25,000 and there has been no showing that the use of vinyl siding significantly diminishes the value of the surrounding properties. However, the other property owners in the subdivision made their investments in reliance on the mutual covenants, which were established to create and maintain a certain aesthetic environment which would protect and enhance their property values. Further, a prudent buyer, having reviewed the deed restrictions as Defendants did, should have at least been aware that a serious issue existed concerning the use of vinyl siding.

Consideration of the "relative hardship" doctrine, see *Walsh v. Johnston*, 608 A.2d 776 (Me. 1992), suggests that immediate, complete removal and replacement of the vinyl siding would result in considerable hardship to Defendants without co-relative benefit to Plaintiffs. However, the Plaintiffs should be entitled to a reasonable remedy, which responds to the breach of the covenant and addresses the Defendants' cavalier decision to proceed with the vinyl siding in the face of the covenant. Therefore, the following remedy will be imposed by injunction:

1) Within 90 days, the Defendants will remove the vinyl siding from the front of the house (side facing street) and replace it with a natural siding material.

2) When the house is sold or ownership is otherwise transferred, the remaining vinyl siding will be removed and replaced with natural siding material.

Dated: June 7 , 2005

PLAINTIFFS:
Thomas Laprade, Esq.
LAMBERT COFFIN
PO Box 15215
Portland Me  04112-5215

DEFENDANTS:
Alan Shepard, Esq.
SHEPARD & READ
93 Main Street, Kennebunk Me 04043

G. Arthur Brennan
Justice, Superior Court