2012 ME 48

**Robert STANTON**

v.

**Michael STRONG.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 1, 2012.

Decided: March 29, 2012.

Frederick M. Newcomb, III, Esq., Newcomb & Reynolds, P.A., Rockland, for appellant Michael Strong.

Stephen W. Hanscom, Esq., Crandall, Hanscom & Collins, P.A., Rockland, for appellee Robert Stanton.

JABAR, J.

[¶ 1] Michael Strong appeals from the judgment of the Superior Court (Knox County, *Hjelm, J.*) permanently enjoining Strong from engaging in any act that obstructs Robert Stanton's access to his property from any point along an easement over property owned by Strong. Strong argues that the court improperly granted the permanent injunction because the facts of the case do not support the court's findings and because the law does not support the broad nature of the injunction. We disagree and affirm.

## I. FACTS

[¶ 2] Stanton owns a piece of property on Seven Tree Pond, which is part of the Oak Point Shores subdivision in Union, Maine. Access to the property is by a deeded easement. Strong has owned the fee interest in the easement as well as property on Seven Tree Pond since 2002. The deeds describe the relevant portion of the easement as measuring thirty feet wide and provide that the easement is to be used in common with other easement holders. The easement as it exists on earth is primarily wooded but includes a nine- or ten-foot-wide dirt road. The entire eastern boundary of Stanton's property, which is about ninety feet in length, is adjacent to the boundary of the easement.

[¶ 3] Stanton, with a few exceptions, has spent his summers at his Oak Point Shores cottage since 1971. During these summers, Stanton's guests would frequently park along the common boundary of Stanton's property and the easement.

[¶ 4] The current dispute between Strong and Stanton first arose in August of 2008, when Strong objected to Stanton's guests parking along the common boundary. Over the next two years, Stanton and Strong were at odds over the portion of the easement adjacent to Stanton's property. The section of the easement in dispute is outside of the nine- or ten-foot-wide dirt road and is in a non-traveled portion of the easement.

[¶ 5] During this two-year period, Strong, at various times, placed boulders, a pile of three- to six-inch crushed rock, and fence posts along the common boundary of the easement and Stanton's property. Some of the obstructions were partially on the easement and partially on Stanton's property, and all of the obstructions blocked access to Stanton's property. Stanton requested that Strong remove the boulders that Strong had placed along the common boundary, and when Strong failed to do so, Stanton hired a landscaping company to remove them. Stanton also hired the landscaping company to remove Strong's fence posts and pile of crushed rock and to clear an area so that Stanton's guests could park entirely on his property and not infringe upon the easement.

[¶ 6] Regarding the pile of three- to six-inch crushed rock, Strong testified that he placed the rock along the edge of the easement for the purpose of making repairs to the road. It is undisputed that the easement, Oak Point Way, fell into serious disrepair in the past and that Strong is the person who maintains the easement. Strong had placed crushed rock in potholes at other points along the easement and testified that he planned to place this pile of crushed rock in places where drainage was an issue in order to prevent run-off into the pond and to combat pothole formation. A professional landscaper testified that although three-inch crushed rock is appropriate for resurfacing driveways and filling in potholes, six-inch crushed rock is not appropriate for those purposes.

[¶ 7] On November 12, 2009, Stanton filed a complaint against Strong alleging nuisance and trespass and requesting injunctive relief, declaratory judgment, and punitive damages. Strong then filed a counterclaim alleging trespass and also requesting declaratory judgment. After a nonjury trial, the court issued a judgment finding for Stanton on his trespass claim and granting Stanton's request for a permanent injunction. The court entered judgment for Strong on the remainder of Stanton's claims and entered judgment for Stanton on all of Strong's counterclaims. Strong timely appealed pursuant to 14 M.R.S. § 1851 (2011) and M.R.App. P. 2, challenging only the portion of the court's judgment granting the permanent injunction.

## II. DISCUSSION

[¶ 8] Strong is challenging the trial court's grant of the permanent injunction, and in doing so he challenges both the factual findings and the legal conclusions of the court. "We review the trial court's findings of fact for clear error and affirm if there is competent evidence in the record to support the judgment." *State v. Price–Rite Fuel, Inc.,* 2011 ME 76, ¶ 18, 24 A.3d 81. However, we review the interpretation of a deed de novo. *Pettee v. Young,* 2001 ME 156, ¶ 8, 783 A.2d 637. When a court grants a permanent injunction, our review is limited to whether the injunction "constitute[s] an abuse of discretion." *Walsh v. Johnston,* 608 A.2d 776, 778 (Me.1992) (quotation marks omitted).

[¶ 9] The court's findings of fact are not in clear error. The court found that the crushed rock Strong placed along the common boundary between the easement and Stanton's property was not suited for Strong's stated purpose—to surface the road and fill in potholes. This conclusion is supported by the evidence before the trial judge.

[¶ 10] We also agree with the trial court that the deeds do not restrict Stanton's use of the easement or his access to his own property. If a grant "expressly details its specific boundaries ... the owner of the right of way is entitled to use the entire granted area, and is not limited to what is necessary or convenient." *Mill Pond Condo. Ass'n v. Manalio,* 2006 ME 135, ¶ 6, 910 A.2d 392. Consistent with this rule, the law as it relates to Strong's actions holds that "[t]he owner of an estate that is servient to an easement may not make a use of the servient land which impairs effective use of the easement within the bounds of the easement." *Badger v. Hill,* 404 A.2d 222, 227 (Me.1979) (emphasis omitted).

[¶ 11] Finally, the court did not abuse its discretion in granting the permanent injunction. Three factors must be met for a court to grant a permanent injunction: "(1) [the party seeking the injunction] would suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on [the op-

posing party]; [and] (3) the public interest will not be adversely affected by granting the injunction." *Walsh,* 608 A.2d at 778. The trial court found that Stanton met his burden of proof with respect to these three factors, specifically noting that, "[i]n particular, he has shown that he will be exposed to irreparable harm in the absence of injunctive relief, because Strong has wrongfully and persistently acted to interfere with Stanton's legitimate and material rights of access to his property." The facts as found by the trial court support the permanent injunction, and we do not discern an abuse of discretion in the court's determination.

The entry is:

Judgment affirmed.