STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-215

DONALD M. MILLET, et al.,

Plaintiffs

v.

C & C FAMILY, LLC, et al.,

Defendants

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

26 MAR '15 AM8:32

Before the court is defendants' motion for summary judgment on the complaint and the counterclaim. Plaintiffs have opposed the motion and request judgment in their favor. See M.R. Civ. P. 56(c) ("Summary judgment, when appropriate, may be rendered against the moving party."). Plaintiffs' complaint includes two counts: in count I, plaintiffs seek a declaratory judgment that the development of a driveway across Lot 1 to access another lot would violate the restrictive covenants applicable to Lot 1, and in count II, plaintiffs seek an injunction prohibiting the construction of a driveway across Lot 1. Defendants counterclaim also includes two counts: in count I, defendants seek a declaratory judgment that they may construct a driveway across Lot 1 or Lot 3 to access the back lot, and in count II, defendants seek an injunction prohibiting the plaintiffs from denying defendants the right to construct the proposed driveway. For the following reasons, plaintiffs' motion is granted and defendants' motion is denied.

## FACTS

Plaintiffs Donald and Mary Jane Millett own lot 6 in the Fort Hills Estates subdivision. (Defs.' Supp. S.M.F. ¶ 1.) Defendant Travis Caruso and his wife own

Lot 3 and defendant C&C Family owns Lot 1 in the same subdivision. (Def.'s Supp. S.M.F. ¶¶ 2, 8.) C&C Family also owns the lot behind Fort Hills Estates, "the back lot", which adjoins Lot 1 on its northern side. (Def.'s Supp. S.M.F. ¶ 3.) Originally, all of the lots in Fort Hill Estates were subject to certain restrictive covenants. (See, e.g., Pls.' Tab 2, at 2.)

Defendants claim that they intend to build a single-family home on the back lot. (Defs.' Supp. S.M.F. ¶ 4.) Plaintiffs claim that defendants are not limited to building a single-family home and may in the future seek to subdivide the back lot. (Pls.' Opp. S.M.F. ¶ 4.) There is no dispute that defendants intend to reach the back lot by way of a driveway across Lot 1. (Defs.' Supp. S.M.F. ¶ 5.)

In 1990, Martin and Michaele Shiers obtained a deed from the other lot owners in Fort Hills Estates, releasing Lot 3 from the single-family residence restriction. (Defs.' Supp. S.M.F. ¶ 10.) Plaintiff Donald Millett signed the release, but his wife, plaintiff Jane Millett, who was an owner of record at the time, did not. (Pls.' Opp. S.M.F. ¶ 10.) When the Carusos acquired Lot 3 in 2006, it was advertised as a multi-family lot. (Defs.' Supp. S.M.F. ¶ 11.) Martin and Michaele Shiers deeded Lot 3 to the Carusos, and this deed, defendants claim, mistakenly contained the previously released single-family residence covenant. (Defs.' Supp. S.M.F. ¶ 12.) After realizing this mistake, the Shiers issued the Carusos a corrective warranty deed that does not contain the single-family residence restriction. (Defs.' Supp. S.M.F. ¶ 13.)

Plaintiffs allege, however, that Martin and Michaele Shiers voluntarily re-imposed the single-family residence restriction on their lot after they obtained the release deed. (Pls.' Add. S.M.F. ¶ 15.) Further, there is no dispute that Mary

2

Jane Caruso owned Lot 6 on the date the release deed was signed, but she was not a party to the release deed. (Pls.' Add. S.M.F. ¶¶ 17-18.)

DISCUSSION

## Summary Judgment Standard

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Dussault v. RRE Coach Lantern Holdings, LLC, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting F.R. Carroll, Inc. v. TD Bank, N.A., 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." McIlroy v. Gibson's Apple Orchard, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting N. E. Ins. Co. v. Young, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." Lewis v. Concord Gen. Mut. Ins. Co., 2014 ME 34, ¶ 10, 87 A.3d 732. If facts are undisputed but nevertheless capable of supporting conflicting, plausible inferences, "the choice between those inferences is not for the court on summary judgment." Id.

## Lot 1: Single-Family Use Restriction

Defendants argue that as long as the driveway across their property is used only to access a single-family home on another lot, the driveway does not violate the single-family residence requirement in their deed. The construction of a deed is a question of law. The court must "give words their general and ordinary meaning to determine if they create any ambiguity." Sleeper v. Loring,

3

2013 ME 112, ¶ 12, 83 A.3d 769. The restrictive covenant applicable to lot 1 in this case states: "Said lot shall be used for a single family residence only and no commercial, industrial or business use shall be permitted thereon." (Defs.' Supp. S.M.F. ¶ 2; Caruso Dep. 4-5, Ex. 2.)

In ALC Development Corp. v. Walker, the Law Court interpreted a similar restrictive covenant that provided that "[n]o lot shall be improved or used except for single family residential purposes." 2002 ME 11, ¶ 12, 787 A.2d 770. In that case the developer, ALC, argued that it could build a road across Lot 1, which was subject to the restrictive covenant, to reach an abutting subdivision, "provided that the road services only single-family residences and not multi-family dwellings or commercial structures." Id. The Law Court rejected this argument and explained that the use of the other subdivision "is irrelevant to whether the roadway complies with the lot's use restriction." Id. The court concluded, "[t]he use of Lot 1 for construction of a roadway to access another subdivision is inconsistent with the single-family residential use restriction that ALC imposed on all lots in the Coulthard Farms subdivision, including Lot 1." Id.

Defendants attempt to distinguish ALC Development Corp. on the grounds that the developer in that case intended to use the roadway to access a multiple-unit subdivision. Id. ¶ 7. Under ALC, however, use of the neighboring lot is irrelevant to the court's analysis. The construction of a driveway over Lot 1 in this case to access the back lot is inconsistent with the single-family use restriction applicable to that lot. Plaintiffs are entitled to judgment on count I of the complaint.

4

Plaintiffs have also requested an injunction prohibiting defendants from constructing the road. "Three factors must be met for a court to grant a permanent injunction: (1) the party seeking the injunction would suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on the opposing party; and (3) the public interest will not be adversely affected by granting the injunction." Stanton v. Strong, 2012 ME 48, ¶ 11, 40 A.3d 1013. The court must weigh these factors together in deciding whether to grant an injunction under the circumstances of the case. Walsh v. Johnston, 608 A.2d 776, 778 (Me. 1992). If defendants constructed the driveway across Lot 1, plaintiffs would suffer an irreparable injury. Gaffny v. Reid, 628 A.2d 155, 157-58 (Me. 1993) (violation of property right constitutes irreparable injury). There is no unjust harm in preventing defendants from doing what the deed prohibits. The public interest will not be adversely affected by enforcing property rights. Accordingly, plaintiffs are entitled to an injunction prohibiting defendants from constructing the road.

## Lot 3: Release from Restrictive Covenant

In addition to Lot 1, the focus of plaintiffs' complaint, defendants request, in their counterclaim, a declaratory judgment that they can construct a driveway across Lot 3 to access the back lot. The issue is whether Lot 3 is subject to the single-family use restriction applicable to the other lots in Fort Hills Estates. Defendant Caruso argues that when he acquired Lot 3, there was simply a mistake on the deed that included the single-family use restriction. As a result, a corrective deed was necessary to implement the true intent of the parties.

5

Plaintiffs have raised several issues of material fact regarding the applicability of the restrictive covenant with regard to Lot 3. First, plaintiff Mary Jane Millett never signed the original release in 1990. (Pls.' Opp. S.M.F. ¶ 10.) At that time, she was an owner of record on the deed. (Id.) Second, defendants admit that Mary Jane Caruso, who owned Lot 6 at the time, never signed the release deed. (Pls.' Add. S.M.F. ¶¶ 17-18.) Finally, plaintiffs have submitted a deed that suggests the Shiers re-imposed the single-family use restriction on Lot 3 after they obtained the release. (Pls.' Add. S.M.F. ¶ 15.)

The entry is

> Plaintiffs' Motion for Summary Judgment on Counts I and II of the Complaint is GRANTED as follows: Construction of a road across Lot 1 on the plan of Fort Hills Estates recorded in the Cumberland County Registry of Deeds in Book of Plans 100, Page 37 would be in violation of the restrictions and covenants in the deed to Lot 1. Defendants are enjoined from constructing a road across Lot 1 to access the back lot.
>
> Defendants' Motion for Summary Judgment on Plaintiffs' Complaint and Defendants' Counterclaim is DENIED.

Date: March 25, 2015

Nancy Mills
Justice, Superior Court

6

ROBERT HARK ESQ
75 PEARL ST
SUITE 209
PORTLAND ME 04101


BRIAN WILLING ESQ
DRUMMOND WOODSUM
84 MARGINAL WAY
SUITE 600
PORTLAND ME 04101-2480

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. CV- *13-2~5*
*NM-Cum-12/6/2013*

DONALD M. MILLET
and MARY JANE MILLET,

     Plaintiffs

     v.

C & C FAMILY LLC and
TRAVIS J. CARUSO,

     Defendants

ORDER ON DEFENDANTS'
MOTIONS TO DISMISS AND
PLAINTIFFS' MOTION TO
COMPEL JOINDER

Before the court are the defendants' motions to dismiss the plaintiffs' complaint pursuant to M.R. Civ. P. 12(b)(6) and 12(b)(7) and the plaintiffs' motion to compel joinder of necessary parties under Rule 19. For the following reasons, the motions are denied.

BACKGROUND

The plaintiffs allege the following in their complaint. The plaintiffs live in Gorham in Cumberland County. (Compl. ¶ 1.) They own lot 6 on the plan for Fort Hill Estates recorded in the Cumberland County Registry of Deeds. (Compl. ¶ 5.) The defendant C & C Family LLC owns lot 1 described in the same plan. (Compl. ¶ 6.) Each lot in the Fort Hill Estates plan is subject to certain relevant restrictive covenants as follows:

> Said premises are conveyed subject to the following covenants and restrictions for the benefit of other lot owners in the above mentioned subdivision which shall run with the land:
>
> ***
>
> 2. Said lot shall not be subdivided

> 3. Said lot shall be used for a single family residential use only and no commercial, industrial, or business use shall be permitted thereon.

(Compl. ¶ 7.) The defendants propose to use a portion of lot 1 as a right-of-way, bisecting the lot, to access a new subdivision the defendants propose to develop. (Compl. ¶ 8.) The defendants' proposal violates the restrictive covenants in its deed because the creation of the right-of-way is not a single-family use of the land and is effectively subdividing the lot. (Compl. ¶¶10-11.)

PROCEDURAL HISTORY

The plaintiffs filed their complaint on May 20, 2013. The defendants filed an answer, counterclaim, and motion to dismiss the complaint pursuant to Rule 12(b)(6) on June 25, 2013. On July 11, 2013, the plaintiffs filed a motion to compel joinder pursuant to Rule 19 on defendants' counterclaim of the other lot owners in Fort Hill Estates. On July 25, 2013, the defendants responded to the plaintiffs' motion to compel joinder and moved to dismiss the plaintiffs' complaint under Rule 12(b)(7) for failure to join necessary parties under Rule 19.

DISCUSSION

1. Standard of Review

The court must "examine the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling the plaintiffs to relief on some legal theory" and "assume that all factual allegations in the complaint are true." Stevens v. Bouchard, 532 A.2d 1028, 1030 (Me. 1987); see also Saunders v. Tisher 2006 ME 94, ¶ 8, 902 A.2d 830 (in determining whether a motion to dismiss should be granted, the court considers "the allegations in the complaint in relation to any cause of action that may reasonably be inferred from the complaint," and a claim will be dismissed "when

2

it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim").

2. Documents Considered on a Motion to Dismiss

The defendants argue the court may consider the defendants' application submitted to the Maine Department of Environmental Protection because the document is referenced in the plaintiffs' complaint. (Ex. A attached to Defs.' Mem.) In Moody v. State Liquor and Lottery Commission, the Law Court held:

> {O]fficial public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged.

Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 11, 843 A.2d 43. The plaintiffs reference the DEP application in their complaint and neither party appears to challenge its authenticity. (Compl. ¶ 9.) The plaintiffs argue that other documents are relevant and the issues involved are more suited to a motion for summary judgment.

The DEP application is attached to the defendants' motion and memorandum and includes the following: a letter dated 4/30/13 to the DEP from Andrew Morrell, the application, a letter dated 3/7/13 to defendant Caruso from the DEP, a suggested deed description, and deeds. The letter dated 5/21/13 to defendant Caruso from the DEP and a letter dated 4/30/13 to the Gorham Town Planner from Andrew Morrell, attached to the plaintiffs' objection and memorandum in response to the defendants' motion, are documents central to the plaintiffs' claim and their authenticity is not challenged. These documents support the plaintiffs' argument that a more complete record is required and that

3

the defendants have not shown beyond a doubt that the plaintiffs are not entitled to relief under any set of facts.[1]

2. Defendants' Rule 12(b)(6) Motion to Dismiss

The defendants argue that there is no genuine case or controversy because the plaintiffs only speculate as to whether a violation will occur in the future. The plaintiffs' complaint, however, is not founded on the way the right-of-way will be used in the future. The plaintiffs allege that the creation of the right-of-way is a violation of the restrictive covenants in the deed. (Compl. ¶¶ 10-11.)

The defendants further argue that the proposal is unambiguously acceptable under the covenants in the deed. Because it is unclear on this record "whether the proposed easement is for a driveway for one single-family home or multiple single-family residential lots," the proposal could violate the covenants in the deeds. (5/21/13 Letter attached to Pls.' Mem.) The Law Court has stated: "The use of Lot 1 for construction of a roadway to access another subdivision is inconsistent with the single-family residential use restriction that [the plaintiff] imposed on all lots in the [] subdivision, including Lot 1." ALC Dev. Corp. v. Walker, 2002 ME 11, ¶ 12, 787 A.2d 770. The plaintiffs could potentially show that the proposed right-of-way itself violates the single-family use restriction, even without a showing that the defendants plan to develop the neighboring lot into a new subdivision. See id. ("The proposed use of Wiley Farms is irrelevant to whether the roadway complies with the lot's use restriction.").

---

[1] The Moody case makes clear that a document referenced in the plaintiff's complaint, a document central to the plaintiff's claim, or a public document may be considered because the plaintiff "should have notice of the contents." Moody, 2004 ME 20, ¶ 11, 843 A.2d 43. The defendants' argument that the 5/21/13 letter cannot be considered because it is not referenced in the complaint is incorrect. (Def.'s Rep. Mem. at 2-3.)

4

The DEP application does not make clear that the proposed driveway is consistent with the restrictive covenants in the deed. The application simply provides that Mr, Caruso seeks an easement over lot 1 to benefit property owned by C & C Family LLC.  The defendants have not shown beyond any doubt that the plaintiffs are not entitled to relief under any set of facts.

3. Plaintiffs' Motion to Compel Joinder

The plaintiffs move the court to compel joinder of the other lot owners in Fort Hill Estates. Rule 19 provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant.

M.R. Civ. P. 19(a). The plaintiffs argue that the defendants-counterclaimants may have to relitigate issues raised in this lawsuit and could be exposed to inconsistent results if the other lot owners are not joined.

In Sanseverino v. Gregor, the Law Court found that the trial court did not err by concluding that other lot owners benefitted by the same restrictive covenant involved in the case were not necessary parties under Rule 19. Sanseverino v. Gregor, 2011 ME 8, ¶ 8, 10 A.3d 735. The defendant in that case argued that the other lot owners were necessary parties "because the court's ruling could affect their interests arising from the restrictive covenant . . . ." Id. The Court held that the "[f]ailure to join other lot owners in the development did

5

not prevent the parties 'from fully adjudicating the underlying dispute,' did not expose the parties 'to multiple or inconsistent obligations,' and did not prejudice the interests of the absent lot owners. Id. (quoting Muther v. Broad Shore Cove Ass'n, 2009 ME 37, ¶ 9, 968 A.2d 539).

Following the holding in Sanseverino, the absence of the other lot owners in this case would not prevent the court from fully adjudicating this dispute, would not expose the parties to multiple or inconsistent obligations, and would not prejudice the interests of the other lot owners.

4. Defendants' Motion to Dismiss for Failure to Join Necessary Parties

As discussed above, the other lot owners in the development are not necessary parties under Rule 19.

The entry is

> Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED.
>
> Defendants' Motion to Dismiss pursuant to Rule 12(b)(7) is DENIED
>
> Plaintiffs' Motion to Compel Joinder pursuant to Rule 19 is DENIED.

Dated: December 5, 2013

Nancy Mills
Justice, Superior Court

6

)F COURTS
and County
Street, Ground Floor
, ME 04101

ROBERT HARK ESQ
75 PEARL ST
SUITE 216
PORTLAND ME 04101

:K OF COURTS
berland County
ury Street, Ground Floor
and, ME 04101

BRIAN WILLING ESQ
DRUMMOND WOODSUM & MACMAHON
84 MARGINAL WAY
SUITE 600
PORTLAND ME 04101