MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 235
Docket:       And-17-131
Argued:       September 12, 2017
Decided:      December 19, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

RONALD P. CHAMPAGNE

PER CURIAM

[¶1]   Following a final hearing on the Attorney General's complaint alleging that Ronald P. Champagne violated the Maine Civil Rights Act (MCRA), the Superior Court (Androscoggin County, *MG Kennedy, J.*), entered a judgment permanently enjoining Champagne from, inter alia, "threatening or using physical force or violence against any person by reason of that person's race, color, religion, sex, ancestry, national origin, physical or mental disability or sexual orientation." *See* 5 M.R.S. §§ 4681(1), 4684-A (2016).  Asserting that the injunction was overbroad, Champagne moved the court to amend the judgment and for further findings of fact and conclusions of law.  *See* M.R. Civ. P. 52(b), 59. The court denied the motions, and Champagne appealed.

2

[¶2] Such a comprehensive injunctive remedy must rest upon articulated factual findings that are supported by the evidence. Because the court did not make the required factual findings providing the basis for its injunction, we do not have a sufficient record for appellate review. Accordingly, we must remand the matter for the court to make findings that provide the reasons for the issuance of the judgment, as required by Maine Rule of Civil Procedure 65(d), which provides, in part, that

> [e]very restraining order and every order granting a preliminary or permanent injunction *shall set forth the reasons for its issuance*; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.

(Emphasis added.)

[¶3] In *Vance v. Speakman*, we vacated an injunction that was issued in contravention of the Rule 65(d) requirement that a court "set forth the reasons" for doing so, explaining that "[t]he purpose of the 65(d) requirement is to enable an[] appellate court to know exactly what findings of fact and rulings of law are being used to justify the injunction." 409 A.2d 1307, 1311 n.4 (Me. 1979). Here, the court did not articulate the "findings of fact and rulings of law . . . being used to justify the injunction" beyond its limited finding

regarding Champagne's motivations based on sexual orientation.  *See Vance,* 409 A.2d at 1311 n.4; M.R. Civ. P. 65(d).

[¶4]  Absent adequate findings and an explanation of the court's rationale for the granting of and the broad scope of the injunction, we are unable to determine whether the court abused its discretion when it issued the very broad and permanent injunction.  *See Stanton v. Strong*, 2012 ME 48, ¶ 8, 40 A.3d 1013 ("When a court grants a permanent injunction, our review is limited to whether the injunction constitutes an abuse of discretion." (alteration and quotation marks omitted)).  Accordingly, we remand the matter for the court to make findings supporting an injunction of a scope that it determines is warranted by the evidence, and to explain its rationale in doing so.[1]

The entry is:

> Remanded for further proceedings consistent with this opinion.

---

[1] In reaching this result, we do not suggest that the scope of the court's original injunction is or is not supportable; we simply hold that at this juncture there are insufficient findings to permit appellate review.

Donald S. Hornblower, Esq. (orally), Lewiston, for appellant Ronald P. Champagne

Janet T. Mills, Attorney General, and Leanne Robbin, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee State of Maine

Androscoggin County Superior Court docket number CV-2012-60
FOR CLERK REFERENCE ONLY